STATE v. RAYMOND EARLY, ALIAS DUMMY MOORE.

(Filed 27 January, 1937.)

1. **Criminal Law § 16—Arraignment of deaf mute and acceptance of plea of not guilty through interpreter held without error in this case.**

The court, upon his finding that defendant is a deaf mute, subpœnaed an interpreter, who after being duly sworn and after the reading of the indictment, interpreted and explained the indictment to defendant. After defendant had indicated to the interpreter that he understood the indictment, the interpreter translated the solicitor's question of whether de-

fendant was guilty or not guilty, and upon a negative reply given through the interpreter, a plea of not guilty was entered. No contention or plea involving defendant's sanity or his capacity to understand the nature of the crime charged or the purpose and effect of the trial, was tendered by defendant's counsel. *Held:* There was no error on the arraignment of defendant or in the acceptance of his negative answer as a plea of not guilty. C. S., 4632.

**2. Criminal Law § 67—Supreme Court has no authority to determine whether clemency should be extended to a defendant.**

Where there is no error of law in the trial, the judgment appealed from must be affirmed, the question of whether clemency should be extended defendant not being determinable by the Supreme Court, but being a matter for the Governor if and when it shall be duly presented to him for official action.

Appeal by defendant from *Clement, J.,* at August Term, 1936, of Yadkin. No error.

This is a criminal action in which the defendant was tried on an indictment for rape.

Prior to his arraignment, it was made to appear to the court that the defendant is deaf and dumb. Upon so finding, the court ordered a subpœna to be issued for Rome C. Fortune, who was represented to the court to be qualified to act as an interpreter for deaf and dumb persons.

On the arraignment of the defendant, Rome C. Fortune, who was present in response to the subpœna, was found by the court to be qualified by training and experience to act as interpreter for the defendant in this action. He was thereupon duly sworn, and at the request of the court, acted as interpreter for the defendant on his arraignment and during his trial.

The indictment appearing in the record was read to the defendant by the solicitor for the State, and in the presence of his counsel was interpreted and explained to him by Rome C. Fortune. After the defendant had replied in the affirmative to the question of the interpreter as to whether he understood the indictment and the charge made against him therein, the solicitor asked the defendant the following question:

"Raymond Early, alias Dummy Moore, are you guilty of the rape and felony whereof you are charged, or not guilty?"

The defendant replied, "No," and was thereupon put upon his trial on a plea of "not guilty."

At the conclusion of his arraignment, defendant's counsel objected thereto, and duly excepted to the refusal of the court to allow his objection.

At the trial, the evidence for the State tended to show that some time between 1 and 3 o'clock, during the night of 16 August, 1936, the prosecutrix, a married woman, who had been asleep in a bed in her

home, was awakened by a man who had entered the home while she was asleep; that the man who awoke her threw a sheet over her head, and after awaking her, assaulted her on her bed; that by force and violence, and against her will, he had sexual intercourse with her; that her husband, who was sleeping in an adjoining room, was awakened by her cries, and that when he came into the room in response to her cries, was knocked down and rendered unconscious by the man who had assaulted and raped his wife; that her husband had been rendered unconscious by him, and while he was lying on the floor, the man again assaulted and raped the prosecutrix; that there was no light in the room when the crime was committed, and for this reason the prosecutrix did not discover the identity of the man who assaulted and raped her, although she did discover that he was a negro; and that after the man who had assaulted and raped her, ran from the room to the porch, where an electric light was burning, the prosecutrix discovered that the defendant was the man. The prosecutrix testified that she had known the defendant for several years; that he lives about a mile from her home. She informed the officers, who began an investigation of the crime immediately after its commission, about 7 or 8 o'clock the next morning, that the defendant was the man who had assaulted and raped her.

The testimony of the prosecutrix both as to the commission of the crime and as to the identity of the defendant as the man who had committed the crime, was corroborated by evidence offered by the State.

The defendant did not testify as a witness in his own behalf. Evidence offered by him tended to show that he was not at the home of the prosecutrix at any time during the night the crime was committed, but that he was at his home from 11 or 12 o'clock that night until the next morning when he went to his work as usual.

The defendant was arrested by the sheriff of Yadkin County some time between 7 and 8 o'clock on the morning after the crime was committed. He then claimed as his own a cap which the sheriff testified he had found in the room of the prosecutrix soon after the commission of the crime.

The evidence for both the State and the defendant was submitted to the jury under a charge by the court, to which there were no exceptions by the defendant.

The jury returned a verdict of "guilty of rape."

From judgment that he suffer death by means of asphyxiation as prescribed by statute, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Ottis J. Reynolds and George P. Pell for defendant.*

CONNOR, J.  It was not contended on behalf of the defendant on his trial in the Superior Court, nor is it contended on his appeal to this Court, that the defendant, because of his infirmity, was incapable of understanding the nature of the crime with which he was charged in the indictment, or the purpose and effect of his trial.  No plea involving his capacity to plead to the indictment, or his sanity was tendered by his counsel.  For this reason, the procedure approved by this Court in *S. v. Harris*, 53 N. C., 136, was not followed by the trial court.  In that case, upon its finding that the defendant who was charged in the indictment with murder, was deaf and dumb, and upon the suggestion of his counsel that because of his infirmity he was incapable of pleading to the indictment, the court submitted issues to the jury involving his capacity to plead, and his sanity at the time of the trial.  After hearing evidence pertinent to these issues and instructions by the court, the jury answered both issues favorable to the contentions of counsel for the defendant. The court thereupon declined to proceed with the trial, and ordered that the defendant be confined for safe keeping.

There was no error on the arraignment of the defendant in this action, nor in the acceptance by the court of his plea of not guilty.  The suggestion that his negative answer to the question addressed to him by the solicitor, as to whether he was guilty or not guilty of rape and felony with which he was charged in the indictment, does not seem to call for comment.  The negative answer of the defendant was properly accepted by the court as a plea by defendant of not guilty.  C. S., 4632.

Assignments of error on behalf of the defendant, based upon exceptions to the admission or exclusion of testimony as evidence at the trial, have been carefully considered.  They cannot be sustained.

We find no error in the trial, and for that reason the judgment must be affirmed.  Whether or not clemency should be extended to the defendant because of his infirmity, cannot be determined by this Court. Under the Constitution of this State, that question must be determined by the Governor when and if it shall be duly presented to him for official action.  See *S. v. Jackson, post,* 202.

No error.